**In the United States District Court**
**Northern District of Texas**
**Wichita Falls Division**

STATE OF TEXAS,
      PLAINTIFFS,

V.

UNITED STATES DEPARTMENT OF JUSTICE;
TODD BLANCHE, IN HIS OFFICIAL CAPACITY
AS ACTING UNITED STATES ATTORNEY
GENERAL, DAREN K. MARGOLIN, IN HIS OF-
FICIAL CAPACITY AS DIRECTOR OF THE EX-
ECUTIVE OFFICE FOR IMMIGRATION REVIEW,
      DEFENDANTS

CIVIL CASE NO. 7:26-CV-00070-O

**JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT**

The State of Texas (Plaintiff) and the United States Department of Justice, Todd Blanche, and Daren K. Margolin (Defendants) jointly move this Court to enter the attached proposed consent judgment as to Plaintiff's claims and prayer for relief set forth in the Complaint. ECF No. 1. In support of this motion, the Parties incorporate the allegations in the Complaint by reference and state the following:

1.  Plaintiff filed suit against Defendants on June 22, 2026.

2.  The Parties agree that the Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and venue is proper under 28 U.S.C. § 1391(b).

3.  In the Complaint, Plaintiff challenged the regulatory changes made in the final rule titled: Efficient Case and Docket Management in Immigration Proceedings, 89 Fed. Reg. 46,742 (May 29, 2024) ("Administrative Closure Rule"), including, among other changes to Federal Regulations, rescinding the AA96 Final Rule, *see* Appellate Procedures and Decisional Finality in

Immigration Proceedings; Administrative Closure, 85 Fed. Reg. 81,655 (Dec. 16, 2020) ("AA96 Final Rule").

4.   Plaintiffs requested that this Court enter a judgment declaring that the Administrative Closure Rule was issued in violation of the APA and that it exceeds Defendants' statutory authority under 8 U.S.C. § 1229a.

5.   Plaintiffs further requested that this Court vacate, set aside, and permanently enjoin the Defendants from implementing or operating under the parameters of the Administrative Closure Rule.

6.   The Parties Agree that the Court has the authority to provide the requested relief under 28 U.S.C. §§ 1361 and 2201–2202, the Administrative Procedure Act, 5 U.S.C. §§ 705–706, and its inherent equitable powers.[1]

7.   Congress directed immigration judges to reach a final determination regarding removability on the merits of a case: "At the conclusion of the proceeding the immigration judge shall decide whether an alien is removable from the United States. The determination of the immigration judge shall be based only on the evidence produced at the hearing." 8 U.S.C. § 1229a(c)(1)(A).

8.   The Parties agree that the effect of the Administrative Closure Rule is to authorize indefinite administrative closure without legal justification or identifiable timetables. As the Sixth Circuit said of the *less permissive* administrative closure regime in place immediately prior to the

---

[1] The proposed final judgment provides that the Rule be vacated pursuant to 5 U.S.C. § 706. It is the position of the Department of Justice that the APA does not authorize a court to vacate an agency rule, and that if vacatur is an available remedy, then like all equitable remedies, such relief must be subject to traditional equitable limitations. The Department acknowledges, however, that there is substantial authority opposing this position in some circuits, including the Fifth Circuit, though the Supreme Court has not ruled on the issue. In jointly requesting with Plaintiff that the Court enter the parties' proposed final judgment, the Department agrees not to pursue this position in this case, but it reserves the right to continue to advance this position in other cases.

promulgation of the Administrative Closure Rule: "Those concessions imply that the permanent closure of some 350,000 immigration cases was largely contrary to law. Indeed no one . . . has explained how a general authority to close cases administratively can itself be lawful while leading to such facially unlawful results." *Hernandez-Serrano v. Barr*, 981 F.3d 459, 465 (6th Cir. 2020).

9. The Parties further agree that the promulgation of the Final Administrative Closure Rule was inadequately justified under the circumstances and was arbitrary and capricious.

10. Accordingly, the Parties request that the Court enter a final judgment declaring that the challenged regulations, as described in the Administrative Closure Rule Notice of Proposed Rulemaking, Appellate Procedures and Decisional Finality in Immigration Proceedings; Administrative Closure, 88 Fed. Reg. 62,242 (Sept. 8, 2023), and implemented in the Administrative Closure Rule, 85 Fed. Reg. 81,655, are unlawful under 8 U.S.C. § 1229a and 5 U.S.C. § 706(2)(A), (C).

11. The Parties further request that this Court enter a final judgment declaring that no statute authorizes immigration judges to indefinitely administratively close or suspend adjudication of a case.

12. The Parties request that this Court issue a permanent injunction that prohibits Defendants as well as their successors, agents, subordinate agencies, and employees, from enforcing the challenged regulations or promulgating substantially similar regulations that permit broad authority to administratively close removal proceedings without reaching the merits of a case, absent an express statutory basis to do so.

13. The Parties also request that this Court vacate the Administrative Closure Rule.

14. The Parties agree that each Party will bear their own costs and fees.

Dated: June 22, 2026

*Counsel for Defendants*

STANLEY E. WOODWARD, JR.
Associate Attorney General

*/s/ Anna L. Edwards*
ANNA L. EDWARDS
Counsel to the Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
anna.edwards@usdoj.gov

*Counsel for Plaintiff*

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

*/s/ Kyle Tebo*
KYLE TEBO
Special Counsel
Texas Bar No. 24137691

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
LEGAL STRATEGY DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Kyle.Tebo@oag.texas.gov

JAMES K. ROGERS*
Senior Counsel
Arizona Bar No. 027287
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
Phone: (202) 964-3721
James.Rogers@aflegal.org

*Pro Hac Vice forthcoming

COUNSEL FOR PLAINTIFF

4

## Certificate Of Service

I hereby certify that on June 22, 2026, a true and correct copy of the foregoing document was served on all counsels of record.

/s/ Kyle Tebo
KYLE TEBO