## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No.  7:26-CV-00070-O |
| | § | |
| **DEPARTMENT OF JUSTICE, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER AND FINAL JUDGMENT

Before the Court is the Parties' Joint Motion for Entry of a Consent Judgment. ECF No. 3. Having considered the Motion, the Complaint (ECF No. 1), and applicable law, the Court **GRANTS** the Motion. Accordingly, the Court hereby **DECLARES** that the challenged regulation, Efficient Case and Docket Management in Immigration Proceedings, 89 Fed. Reg. 46,742 (May 29, 2024) ("Administrative Closure Rule"), is in excess of statutory authority and contrary to law.

The Court further **DECLARES** that no statute authorizes immigration judges to indefinitely administratively close or suspend adjudication of a case before them.[1]

The Court further **ORDERS, ADJUDGES AND DECREES** as follows:

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1346, and 1361, and is authorized to award the requested relief under 5 U.S.C. §§ 702, 703, and 706; 8 U.S.C. §§ 1361, 2201, and 2202; and the Court's inherent equitable powers;

---

[1] *See Hernandez-Serrano v. Barr*, 981 F.3d 459, 465–66 (6th Cir. 2020).

1

2.   Defendants, as well as their successors, agents, subordinate agencies, and employees, are hereby permanently enjoined from enforcing the Administrative Closure Rule;

3.   Defendants, as well as their successors, agents, subordinate agencies, and employees, are permanently enjoined from promulgating regulations that permit immigration judges the authority to administratively close removal proceedings without reaching the merits of a case absent an express statutory basis to do so;

4.   The Administrative Closure Rule is hereby vacated;

5.   The Parties enter into this final Consent Judgment voluntarily and waive any right to appeal from this Judgment;[2]

6.   All remaining requests for relief are dismissed without prejudice.

This final judgment is issued pursuant to Federal Rule of Civil Procedure 58(a). The Clerk of Court shall transmit a true copy of this judgment to the Parties.

**SO ORDERED** on this **22nd day** of **June, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] The Department of Justice represents that its position is that the Administrative Procedure Act "does not authorize a court to vacate an agency rule, and that if vacatur is an available remedy, then like all equitable remedies, such relief must be subject to traditional equitable limitations. . . . In jointly requesting with Plaintiff that the Court enter the parties' proposed final judgment, the Department agrees not to pursue this position in this case, but it reserves the right to continue to advance this position in other cases." Mot. 1 n.2, ECF No. 3.