**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| State of Texas,<br><br>  *Plaintiff*,<br><br>v.<br><br>U.S. Department of Justice *et al.*,<br><br>  *Defendants*,<br><br>and<br><br>City of Baltimore, MD; City of Columbus, OH; City of New Haven, CT; and Centro Legal de la Raza,<br><br>  *Movant-Intervenors*. | Case No. 7:26-CV-00070-O |

**ANSWER OF MOVANT-INTERVENORS**

Proposed Defendant-Intervenors the City of Baltimore, the City of Columbus, the City of New Haven, and Centro Legal de la Raza (collectively, "Intervenors"), by and through undersigned counsel, respectfully submit this Answer to the Complaint filed by Plaintiff State of Texas. ECF No. 1.

The unnumbered introductory statements, headings, and section titles in the Complaint are not allegations of fact and require no response. To the extent any response is deemed required, Intervenors deny them. Except as expressly admitted below, Intervenors deny each and every allegation in the Complaint. Intervenors respond to the numbered paragraphs of the Complaint as follows:

**INTRODUCTION**

1.      Paragraph 1 characterizes Texas's own lawsuit and the Final Rule and states legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that Texas purports to challenge the Final Rule and that the Federal Register notices cited in Paragraph 1 exist and speak for themselves. Intervenors deny that the Final Rule permits immigration judges or the Board of Immigration Appeals to "dispose of removal cases without final adjudication" or to "effectively grant indefinite amnesty," and deny the remaining allegations of Paragraph 1.

2.      The Final Rule and the regulatory provisions cited in Paragraph 2 speak for themselves. Intervenors deny Texas's characterizations of the Final Rule, including that it "drastically expands" administrative closure or "transform[s]" it into "indefinite permission to remain." Intervenors deny the remaining allegations of Paragraph 2.

3.      8 U.S.C. § 1229a(c)(1)(A) speaks for itself. Intervenors deny Texas's characterization that the INA "does not countenance the use of administrative closure," which is a legal conclusion, and deny the remaining allegations of Paragraph 3.

4.      Paragraph 4 consists of argument and legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations of Paragraph 4.

5.      The news articles and publications cited in Paragraph 5 speak for themselves, and Intervenors lack knowledge or information sufficient to form a belief about the truth of their contents, and therefore deny them. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 5.

6.      The Federal Register notices cited in Paragraph 6 speak for themselves. Intervenors deny that the promulgation of the Final Rule was an "unlawful step" and deny the remaining allegations of Paragraph 6.

7.      Intervenors admit that administrative closure is a docket-management tool that temporarily removes a case from an immigration judge's active calendar or the Board's docket. The decisions cited in Paragraph 7 speak for themselves. Intervenors deny any characterization inconsistent with those authorities and deny the remaining allegations of Paragraph 7.

8.      The decision cited in Paragraph 8 speaks for itself. Intervenors deny that administrative closure functions as "indefinite immigration relief," lack knowledge or information sufficient to form a belief about the truth of the statistical figures alleged, and deny the remaining allegations of Paragraph 8.

9.      The decision quoted in Paragraph 9 speaks for itself. Intervenors deny Texas's characterizations and deny the remaining allegations of Paragraph 9.

10.     Intervenors deny the allegations of Paragraph 10.

11.     Intervenors deny the allegations of Paragraph 11.

**PARTIES**

12.     Intervenors admit that the State of Texas is a State of the United States.

13.     Intervenors admit that the Department of Justice is a federal executive agency, that the Executive Office for Immigration Review ("EOIR") is a component of the Department of Justice, and that EOIR adjudicates removal proceedings. Intervenors deny any remaining allegations of Paragraph 13 to the extent they state legal conclusions inconsistent with governing law.

14.     Intervenors admit that Texas purports to sue Todd Blanche in his official capacity and identifies him as Acting Attorney General of the United States.

15.     Intervenors admit that Texas purports to sue Daren K. Margolin in his official capacity and identifies him as the Director of EOIR.

**JURISDICTION AND VENUE**

16.    Paragraph 16 states legal conclusions regarding subject-matter jurisdiction to which no response is required. To the extent a response is required, Intervenors deny that the Court has jurisdiction, because there is no genuine, adverse case or controversy between Texas and Defendants, who seek the same relief. Intervenors deny the remaining allegations of Paragraph 16.

17.    Paragraph 17 states legal conclusions regarding venue to which no response is required. To the extent a response is required, Intervenors deny the allegations of Paragraph 17 only insofar as they presuppose a justiciable controversy, and Intervenor denies that venue is proper in this jurisdiction to hear and to decide Plaintiff's claim because there are other more appropriate venues where a substantial part of the events occurred rather than this district.

**FACTS**

**Section I**

18.    8 U.S.C. § 1229(a) speaks for itself. Intervenors deny any characterization inconsistent with the statute.

19.    8 U.S.C. § 1229a speaks for itself. Intervenors deny any characterization inconsistent with the statute.

20.    8 U.S.C. § 1229a(a)(3) speaks for itself. Intervenors deny any characterization inconsistent with the statute.

21.    8 U.S.C. § 1229a(c)(1)(A) speaks for itself. Intervenors deny any characterization inconsistent with the statute. Intervenors deny Texas's legal conclusion that immigration judges lack authority over the management and pacing of their dockets, including through administrative closure, and deny the remaining allegations of Paragraph 21.

22.     Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations of Paragraph 22, because the INA and implementing regulations authorize administrative closure as a docket-management tool.

23.     Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations of Paragraph 23.

**Section II**

24.     The Federal Register notice and comment cited in Paragraph 24 speak for themselves. Intervenors lack knowledge or information sufficient to form a belief about the precise figures alleged, and deny the remaining allegations of Paragraph 24.

25.     Intervenors admit that the Department of Justice published the AA96 Notice of Proposed Rulemaking ("NPRM") in August 2020, which speaks for itself. Intervenors deny any characterization inconsistent with that document.

26.     The AA96 NPRM speaks for itself. Intervenors deny any characterization inconsistent with that document.

27.     Intervenors admit that administrative closure is a procedural docket-management tool. The decision cited in Paragraph 27 speaks for itself. Intervenors deny any characterization inconsistent with that authority.

28.     The decisions and memorandum cited in Paragraph 28 speak for themselves. Intervenors deny that administrative closure operates as a "de facto amnesty program" and deny the remaining allegations and characterizations of Paragraph 28.

29.     The AA96 NPRM speaks for itself. Intervenors deny Texas's characterizations and deny the remaining allegations of Paragraph 29.

30.     Intervenors admit that the AA96 Final Rule was published on December 16, 2020. The Final Rule speaks for itself.

31.    The AA96 Final Rule speaks for itself. Intervenors deny Texas's characterizations and deny the remaining allegations of Paragraph 31.

32.    The AA96 rulemaking documents speak for themselves. Intervenors deny Texas's characterizations and legal conclusions and deny the remaining allegations of Paragraph 32.

**Section III**

33.    Paragraph 33 consists of argument and legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations of Paragraph 33.

34.    Paragraph 34 consists of argument and legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations of Paragraph 34.

35.    Intervenors admit that the Secretary of Homeland Security issued the memorandum described in Paragraph 35 on or about September 30, 2021, and that memorandum speaks for itself. Intervenors deny Texas's characterizations of it.

36.    The Mayorkas Memorandum speaks for itself. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 36.

37.    The Mayorkas Memorandum speaks for itself. Intervenors deny the allegations and characterizations of Paragraph 37.

38.    The Mayorkas Memorandum speaks for itself. Intervenors deny any characterization inconsistent with it.

39.    The Mayorkas Memorandum speaks for itself. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 39.

40.    The Mayorkas Memorandum speaks for itself. Intervenors deny Texas's characterizations and legal conclusions and deny the remaining allegations of Paragraph 40.

41. Intervenors admit that the referenced guidance to OPLA attorneys was issued on or about April 3, 2022, and that document speaks for itself. Intervenors deny Texas's characterizations of it.

42. The Doyle Memorandum speaks for itself. Intervenors deny any characterization inconsistent with it.

43. The Doyle Memorandum speaks for itself. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 43.

44. The Doyle Memorandum speaks for itself. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 44.

**Section IV**

45. Intervenors admit that the AA96 Final Rule was preliminarily enjoined in *Centro Legal de la Raza v. EOIR* and that the proceedings were subsequently stayed; the decision and docket cited in Paragraph 45 speak for themselves. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 45.

46. The decisions cited in Paragraph 46 speak for themselves. Intervenors deny any characterization inconsistent with them.

47. The decision cited in Paragraph 47 speaks for itself. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 47.

48. The decisions cited in Paragraph 48 speak for themselves. Intervenors deny Texas's characterizations and legal conclusions and deny the remaining allegations of Paragraph 48.

49. Intervenors admit that the Administrative Closure NPRM was published on September 8, 2023, and it speaks for itself. Intervenors deny Texas's characterization that the NPRM proposed to "greatly expand administrative closure beyond even its pre-AA96 limits" and deny the remaining allegations of Paragraph 49.

50. The Administrative Closure NPRM speaks for itself. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 50.

51. The Administrative Closure NPRM speaks for itself. Intervenors deny any characterization inconsistent with it.

52. Intervenors admit that the Final Rule was promulgated on May 29, 2024, following the notice-and-comment period; the Final Rule and the cited comment speak for themselves. Intervenors deny that the proposed rule or the Final Rule was "unlawful" and deny the remaining allegations of Paragraph 52.

53. The Final Rule speaks for itself. Intervenors deny Texas's characterizations, including that the applicable standard is "statutorily baseless," and deny the remaining allegations of Paragraph 53.

54. The Final Rule speaks for itself. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 54.

55. The Final Rule speaks for itself. Intervenors deny Texas's characterizations of the Final Rule and of the referenced memoranda, and deny the remaining allegations of Paragraph 55.

56. Intervenors deny the allegations of Paragraph 56.

57. Intervenors admit that the Final Rule was promulgated through notice-and-comment rulemaking and that, unless and until it is lawfully rescinded through notice-and-comment rulemaking complying with 5 U.S.C. § 553, it remains in effect and binds EOIR adjudicators. Intervenors deny any implication that the Final Rule may lawfully be set aside other than as the law permits.

58. Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations of Paragraph 58.

**Section V**

8

59. Intervenors deny the allegations of Paragraph 59.

60. The decision cited in Paragraph 60 speaks for itself. Intervenors deny Texas's characterizations and legal conclusions and deny the remaining allegations of Paragraph 60.

61. The Final Rule and the rulemaking record speak for themselves. Intervenors deny the allegations of Paragraph 61.

62. The Final Rule and the rulemaking record speak for themselves. Intervenors deny the allegations of Paragraph 62.

63. The Final Rule and Federal Register notices speak for themselves. Intervenors deny Texas's characterizations and legal conclusions and deny the remaining allegations of Paragraph 63.

64. Intervenors deny the allegations of Paragraph 64.

65. The decision cited in Paragraph 65 speaks for itself. Intervenors deny Texas's characterizations and legal conclusions and deny the remaining allegations of Paragraph 65.

66. The Final Rule and the rulemaking record speak for themselves. Intervenors deny the allegations of Paragraph 66.

67. Intervenors deny the allegations of Paragraph 67.

68. The EOIR statistics and memorandum cited in Paragraph 68 speak for themselves. Intervenors lack knowledge or information sufficient to form a belief about the precise figures alleged, and deny Texas's characterizations and legal conclusions and the remaining allegations of Paragraph 68.

69. Intervenors deny the allegations of Paragraph 69, and further lack knowledge or information sufficient to form a belief about the truth of the alleged costs to States and localities.

**Section VI**

70. Intervenors deny the allegations of Paragraph 70.

71. Intervenors deny the allegations of Paragraph 71, and further lack knowledge or information sufficient to form a belief about the truth of the alleged fiscal and public-safety costs to Texas.

72. Intervenors lack knowledge or information sufficient to form a belief about the truth of the alleged medical-welfare costs to Texas, and on that basis deny them. Intervenors deny that any such costs are fairly traceable to the Final Rule.

73. The declaration cited in Paragraph 73 (Ex. A) speaks for itself. Intervenors lack knowledge or information sufficient to form a belief about the truth of the figures alleged, and on that basis deny them, and deny that any such costs are fairly traceable to the Final Rule.

74. The statutes and regulations referenced in Paragraph 74 speak for themselves. Intervenors lack knowledge or information sufficient to form a belief about the truth of Texas's alleged uncompensated costs, and on that basis deny them, and deny that any such costs are fairly traceable to the Final Rule.

75. Intervenors lack knowledge or information sufficient to form a belief about the truth of the alleged law-enforcement and incarceration costs, and on that basis deny them, and deny that any such costs are fairly traceable to the Final Rule.

76. The declaration cited in Paragraph 76 (Ex. B) speaks for itself. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 76, and on that basis deny them.

77. The declaration cited in Paragraph 77 (Ex. B) speaks for itself. Intervenors lack knowledge or information sufficient to form a belief about the truth of the figures alleged, and on that basis deny them, and deny that any such costs are fairly traceable to the Final Rule.

78.     The decision cited in Paragraph 78 speaks for itself. Intervenors lack knowledge or information sufficient to form a belief about the truth of Texas's alleged education costs, and on that basis deny them, and deny that any such costs are fairly traceable to the Final Rule.

79.     The declaration cited in Paragraph 79 (Ex. C) speaks for itself. Intervenors lack knowledge or information sufficient to form a belief about the truth of the figures alleged, and on that basis deny them, and deny that any such costs are fairly traceable to the Final Rule.

80.     The declaration cited in Paragraph 80 (Ex. C) speaks for itself. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 80, and on that basis deny them.

81.     The declaration cited in Paragraph 81 (Ex. C) speaks for itself. Intervenors lack knowledge or information sufficient to form a belief about the truth of the figures alleged, and on that basis deny them, and deny that any such costs are fairly traceable to the Final Rule.

82.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 82, and on that basis deny them, and deny that any such costs are fairly traceable to the Final Rule.

83.     Intervenors deny the allegations of Paragraph 83.

84.     Intervenors deny the allegations of Paragraph 84.

85.     The opinion cited in Paragraph 85 speaks for itself. Intervenors deny Texas's legal conclusions regarding injury to its sovereignty and deny the remaining allegations of Paragraph 85.

86.     The memorandum cited in Paragraph 86 speaks for itself. Intervenors lack knowledge or information sufficient to form a belief about the truth of the figures alleged, and deny Texas's characterizations and the remaining allegations of Paragraph 86.

87.     Intervenors deny the allegations of Paragraph 87.

88. The deposition testimony cited in Paragraph 88 speaks for itself, and Intervenors lack knowledge or information sufficient to form a belief about the truth of its contents. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 88, and deny that the testimony bears on the lawfulness of the Final Rule.

89. The deposition testimony cited in Paragraph 89 speaks for itself, and Intervenors lack knowledge or information sufficient to form a belief about the truth of its contents. Intervenors deny the remaining allegations of Paragraph 89.

90. The deposition testimony cited in Paragraph 90 speaks for itself, and Intervenors lack knowledge or information sufficient to form a belief about the truth of its contents. Intervenors deny the remaining allegations of Paragraph 90.

91. Intervenors deny the allegations of Paragraph 91.

92. Intervenors deny the allegations of Paragraph 92.

93. Intervenors deny the allegations of Paragraph 93, and further lack knowledge or information sufficient to form a belief about the truth of the alleged costs to Texas.

**Section VII**

94. Paragraph 94 states a legal standard, and the decision cited speaks for itself; no response is required. To the extent a response is required, Intervenors deny that Texas satisfies the requirements of Article III standing.

95. The decisions cited in Paragraph 95 speak for themselves. Intervenors deny the allegations of Paragraph 95, including that Texas suffers injury fairly traceable to the Final Rule.

96. The decisions cited in Paragraph 96 speak for themselves. Intervenors deny that Texas has shown a concrete injury fairly traceable to the Final Rule and deny the remaining allegations of Paragraph 96.

97. Intervenors deny the allegations of Paragraph 97.

98. The decision cited in Paragraph 98 speaks for itself. Intervenors deny the allegations of Paragraph 98.

99. Intervenors deny the allegations of Paragraph 99.

100. The decision cited in Paragraph 100 speaks for itself. Intervenors deny Texas's legal conclusions and deny the remaining allegations of Paragraph 100.

101. Paragraph 101 states legal conclusions to which no response is required. To the extent a response is required, Intervenors deny that vacatur or an injunction would redress any cognizable injury to Texas and deny the remaining allegations of Paragraph 101.

102. Intervenors admit that the Final Rule was promulgated through notice-and-comment rulemaking and published in the Federal Register, and that under the APA it may be rescinded, modified, or superseded only through a new rulemaking that itself complies with 5 U.S.C. § 553; the APA speaks for itself. Intervenors admit that no such rescission rulemaking has been undertaken and that the Final Rule remains in effect and binds EOIR adjudicators. Intervenors deny any implication that the Final Rule may lawfully be rescinded or vacated by a consent judgment that circumvents the APA's procedural requirements.

103. The cited materials speak for themselves. Intervenors lack knowledge or information sufficient to form a belief about the truth of the figures alleged, and deny Texas's characterizations and legal conclusions and the remaining allegations of Paragraph 103.

**Section VIII**

104. Paragraph 104 states legal conclusions and a prayer for relief to which no response is required. To the extent a response is required, Intervenors deny the allegations of Paragraph 104.

105. 8 U.S.C. § 1229a(c)(1)(A) speaks for itself. Intervenors deny Texas's legal conclusions that the Final Rule is "not authorized by statute" or "runs counter" to the INA, and deny the remaining allegations of Paragraph 105.

106. Paragraph 106 states legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations of Paragraph 106.

107. Paragraph 107 states legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations of Paragraph 107.

108. The decisions cited in Paragraph 108 speak for themselves. The remaining allegations state legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations.

109. The decision cited in Paragraph 109 speaks for itself. The remaining allegations state legal conclusions to which no response is required.

110. The decision cited in Paragraph 110 speaks for itself. The remaining allegations state legal conclusions to which no response is required.

## CLAIMS FOR RELIEF

### *Count I — APA, 5 U.S.C. § 706(2)(A), (C) (Rule in Excess of Statutory Authority)*

111. Intervenors incorporate their responses to the preceding paragraphs as if fully set forth herein.

112. The quoted material speaks for itself. Intervenors deny any remaining legal conclusions in Paragraph 112.

113. Paragraph 113 quotes and paraphrases the APA, which speaks for itself; no response is required.

114. Intervenors deny the allegations of Paragraph 114.

115. 8 U.S.C. § 1229a(c)(1)(A) speaks for itself. Intervenors deny that the Final Rule permits immigration judges or the Board to violate that provision and deny the remaining allegations of Paragraph 115.

116.    The decision cited in Paragraph 116 speaks for itself. Intervenors deny that the Final Rule allows immigration judges to exceed their authority and deny the remaining allegations of Paragraph 116.

117.    Paragraph 117 states legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations of Paragraph 117.

118.    The Final Rule speaks for itself. Intervenors deny the allegations of Paragraph 118.

119.    The decisions cited in Paragraph 119 speak for themselves. Intervenors deny the allegations and legal conclusions of Paragraph 119.

120.    The decisions cited in Paragraph 120 speak for themselves. Intervenors deny that the major-questions doctrine applies to or invalidates the Final Rule and deny the remaining allegations of Paragraph 120.

121.    The memorandum cited in Paragraph 121 speaks for itself. Intervenors deny that the Final Rule creates a "de facto amnesty program" and deny the remaining allegations and legal conclusions of Paragraph 121.

122.    The decision cited in Paragraph 122 speaks for itself. Intervenors deny that the Final Rule exceeds Defendants' statutory authority and deny the remaining allegations of Paragraph 122.

123.    Intervenors deny the allegations of Paragraph 123.

### Count II — APA, 5 U.S.C. § 706(2)(A) (Arbitrary and Capricious)

124.    Intervenors incorporate their responses to the preceding paragraphs as if fully set forth herein.

125.    Paragraph 125 quotes and paraphrases the APA, which speaks for itself; no response is required.

126.    The decision cited in Paragraph 126 speaks for itself; no response is required.

127.    The decisions cited in Paragraph 127 speak for themselves; no response is required.

128.    The decisions cited in Paragraph 128 speak for themselves; no response is required.

129.    Intervenors deny the allegations of Paragraph 129.

130.    The Final Rule and the rulemaking record speak for themselves. Intervenors deny the allegations of Paragraph 130.

131.    The decisions cited in Paragraph 131 speak for themselves. Intervenors deny any characterization inconsistent with them and deny the remaining allegations of Paragraph 131.

132.    The decision cited in Paragraph 132 and the rulemaking record speak for themselves. Intervenors deny the allegations of Paragraph 132.

133.    The rulemaking record speaks for itself. Intervenors deny the allegations of Paragraph 133.

134.    The rulemaking record speaks for itself. Intervenors deny the allegations of Paragraph 134.

135.    The rulemaking record speaks for itself. Intervenors deny the allegations of Paragraph 135.

136.    The rulemaking record speaks for itself. Intervenors deny the allegations of Paragraph 136.

137.    The rulemaking record speaks for itself. Intervenors deny the allegations of Paragraph 137.

138.    The Federal Register notices cited in Paragraph 138 speak for themselves. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 138.

139.    Intervenors deny the allegations of Paragraph 139.

140.    The rulemaking record speaks for itself. Intervenors deny the allegations of Paragraph 140.

141. The Federal Register notices and rulemaking record speak for themselves. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 141.

142. Intervenors deny the allegations of Paragraph 142.

143. The rulemaking record speaks for itself. Intervenors deny the allegations of Paragraph 143.

144. The referenced memorandum and the rulemaking record speak for themselves. Intervenors deny the allegations of Paragraph 144.

145. The rulemaking record speaks for itself. Intervenors deny the allegations of Paragraph 145.

146. The Federal Register notices and the decision cited in Paragraph 146 speak for themselves. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 146.

147. Intervenors deny the allegations of Paragraph 147.

148. Intervenors deny the allegations of Paragraph 148.

149. The rulemaking record speaks for itself. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 149.

150. The Final Rule speaks for itself. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 150.

151. Intervenors deny the allegations of Paragraph 151.

152. The memorandum cited in Paragraph 152 speaks for itself. Intervenors deny that the Final Rule's rationales are pretextual and deny the remaining allegations and legal conclusions of Paragraph 152.

153. The Final Rule speaks for itself. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 153.

154. The Final Rule speaks for itself. Intervenors deny Texas's characterizations and the remaining allegations of Paragraph 154.

155. Intervenors deny the allegations of Paragraph 155.

### Count III — APA, 5 U.S.C. § 706(2)(D) (Notice and Comment)

156. Intervenors incorporate their responses to the preceding paragraphs as if fully set forth herein.

157. Paragraph 157 quotes and paraphrases the APA, which speaks for itself; no response is required.

158. Intervenors admit that 5 U.S.C. § 553 governs notice-and-comment rulemaking and that the Final Rule was subject to and adopted through notice-and-comment rulemaking; the statute speaks for itself.

159. The decisions cited in Paragraph 159 speak for themselves; no response is required.

160. Intervenors deny the allegations of Paragraph 160.

161. Intervenors deny the allegations of Paragraph 161.

162. Intervenors admit that the Final Rule was promulgated through notice-and-comment rulemaking consistent with 5 U.S.C. § 553, and deny the remaining allegations of Paragraph 162.

### Count IV — Take Care Clause, U.S. Const. art. II, § 3

163. Intervenors incorporate their responses to the preceding paragraphs as if fully set forth herein.

164. Article II, Section 3 of the Constitution speaks for itself.

165. The historical sources cited in Paragraph 165 speak for themselves; no response is required. To the extent Paragraph 165 states legal conclusions, Intervenors deny them.

18

166.     Paragraph 166 states historical and legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations of Paragraph 166.

167.     The decision cited in Paragraph 167 speaks for itself; no response is required.

168.     The decision cited in Paragraph 168 speaks for itself; no response is required.

169.     The referenced memoranda and statutes speak for themselves. Intervenors deny Texas's characterizations and legal conclusions and deny the remaining allegations of Paragraph 169.

170.     The decision cited in Paragraph 170 speaks for itself. Intervenors deny that the Final Rule is a tool of any "abdication" of the duty to execute the law and deny the remaining allegations and legal conclusions of Paragraph 170.

### Count V — Non-Statutory Ultra Vires

171.     Intervenors incorporate their responses to the preceding paragraphs as if fully set forth herein.

172.     The decisions cited in Paragraph 172 speak for themselves; no response is required.

173.     Intervenors deny the allegations of Paragraph 173.

174.     Intervenors deny the allegations of Paragraph 174.

### RESPONSE TO PRAYER FOR RELIEF

The paragraph following Paragraph 174, beginning "For these reasons," and its subparagraphs (a) through (d), constitute Texas's prayer for relief, to which no response is required. To the extent a response is required, Intervenors deny that Texas is entitled to the relief requested in subparagraphs (a) through (d), or to any relief whatsoever, and respectfully request that the Court deny each request.

**GENERAL DENIAL**

Intervenors deny each and every allegation contained in the Complaint that is not expressly admitted herein.

**ADDITIONAL AND AFFIRMATIVE DEFENSES**

Without assuming any burden of proof they would not otherwise bear, and reserving the right to amend or supplement these defenses as the proceedings warrant, Intervenors assert the following additional and affirmative defenses.

**First Defense (No Case or Controversy).** The Court lacks subject-matter jurisdiction because this action does not present a genuine, adverse case or controversy under Article III. Texas and Defendants seek precisely the same result—a judgment declaring the Final Rule unlawful and vacating it—and Defendants have publicly disclaimed any intention to defend the Final Rule.

**Second Defense (Lack of Standing).** Texas lacks Article III standing. Its asserted injuries are not concrete and particularized, are not fairly traceable to the Final Rule and would not be redressed by vacatur of the Final Rule.

**Third Defense (Failure to State a Claim).** The Complaint fails to state a claim upon which relief can be granted under the Administrative Procedure Act or the Constitution.

**Fourth Defense (The Final Rule Is Authorized by Law).** The Final Rule is a lawful exercise of the Attorney General's authority to supervise the immigration adjudication system and to prescribe procedural rules under 8 U.S.C. § 1103(g), authority preserved by the Homeland Security Act and confirmed by longstanding regulatory practice.

**Fifth Defense (Not Arbitrary or Capricious).** The Final Rule is the product of reasoned decisionmaking. In promulgating it, the Department of Justice considered the relevant factors and the comments received, and reasonably explained the bases for its conclusions. The Final Rule is not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

20

**Sixth Defense (Notice and Comment Satisfied).** The Final Rule was promulgated through notice-and-comment rulemaking in compliance with 5 U.S.C. § 553. The public received adequate notice and a meaningful opportunity to comment.

**Seventh Defense (No Take Care Clause Violation).** Texas's Take Care Clause claim is not justiciable and, in any event, fails on the merits. Promulgating a lawful procedural rule that governs the orderly management of removal proceedings is an exercise of—not an abdication of— the duty to take care that the laws be faithfully executed.

**Eighth Defense (Improper Remedy).** Any relief must be limited to any specific provision found unlawful. The Final Rule contains an express severability clause, and its provisions governing matters other than administrative closure operate independently and must be left in place. Vacatur, not an injunction, is the ordinary remedy under the APA; an injunction barring future rulemaking is unwarranted, unnecessary, and unripe.

**Ninth Defense (Reservation).** Intervenors reserve the right to assert additional defenses that become available or apparent during the course of this action.

## PRAYER FOR RELIEF

WHEREFORE, Intervenors respectfully request that the Court:

    A.    That Plaintiff's Complaint and the cause of action raised in the Complaint be dismissed with prejudice.

    B.    That Intervenors be awarded costs of the suit and attorneys' fees; and

    C.    That the Court order such other and further relief as it deems appropriate.

Dated: August 7, 2026

Respectfully submitted,

/s/ Andrés Correa
Andrés Correa
Texas Bar No. 24076330
acorrea@lynnllp.com
Yaman Desai
Texas Bar No. 24101695
ydesai@lynnllp.com
Lynn Pinker Hurst & Schwegmann
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 292-3639

Ally Scher*
Simon C. Brewer*
Joshua M. Salzman*
Paul R.Q. Wolfson*
Brian D. Netter*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
ascher@democracyforwad.org
sbrewer@democracyforward.org
jsalzman@democracyforward.org
pwolfson@democracyforward.org
bnetter@democracyofrward.org
(202) 448-9090

*Counsel for City of Baltimore, MD; City of Columbus, OH; City of New Haven, CT; and Centro Legal de la Raza*

*Motion for admission pro hac vice forthcoming

22