**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.  7:26-CV-00070-O** |
| | § | |
| **DEPARTMENT OF JUSTICE, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Proposed Intervenors the City of Baltimore, Maryland; the City of Columbus, Ohio; the City of New Haven, Connecticut; and Centro Legal de la Raza Motion for Leave to Proceed Without Local Counsel (ECF No. 7). Intervenors' counsel, Andres Correa and Yaman Desai, are admitted in the United States District Court for the Northern District of Texas; however, their office is in Dallas, Texas—located outside of Local Rule 83.10(a)'s 50-mile requirement. Counsel represents that they "commit to being available for hearings as needed," which indicates to the Court that they can travel to appear at any hearing or setting in this Court. ECF No. 7. Based on counsels' active status in the Northern District and commitment to appear for any in-person hearings, the Court **GRANTS** Proposed Intervenors' motion for leave to proceed without local counsel.

Accordingly, the Court **ORDERS** that Andres Correa and Yaman Desai are designated as Proposed Intervenors' local counsel. The Court further **ORDERS** that counsel are required to fulfill all local counsel requirements and abide by all local rules of this Court, including the standards of litigation conduct set forth in *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284 (N.D. Tex. 1988) (per curiam). If proceeding without local

counsel disrupts this litigation or otherwise results in a failure to comply with the Court's rules,

Proposed Intervenors' will be required to find local counsel immediately.

**SO ORDERED** on this **11th day** of **August, 2026.**


_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**