**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

State of Texas,

*Plaintiff*,

v.

U.S. Department of Justice *et al.*,

*Defendants*,

and

City of Baltimore, MD; City of Columbus, OH; City of New Haven, CT; and Centro Legal de la Raza,

*Movant-Intervenors*.

Case No. 7:26-CV-00070-O

**EMERGENCY MOTION FOR STAY PENDING APPEAL AND MEMORANDUM OF LAW IN SUPPORT THEREOF OF CITY OF BALTIMORE, MD; CITY OF COLUMBUS, OH; CITY OF NEW HAVEN, CT; AND CENTRO LEGAL DE LA RAZA**

## I. INTRODUCTION

Proposed Intervenors City of Baltimore, MD; City of Columbus, OH; City of New Haven, CT; and Centro Legal de la Raza (collectively "Proposed Intervenors") respectfully move this Court pursuant to Federal Rule of Civil Procedure 62(d) to stay its Order and Final Judgment (Dkt. 5), pending disposition of Proposed Intervenors' appeal from that judgment and this Court's subsequent order denying Proposed Intervenors' intervention motion (Dkt. 23). Proposed Intervenors respectfully request that the Court decide this motion by September 8, 2026, so that Proposed Intervenors will have an opportunity to seek timely relief from the court of appeals, should it prove necessary to do so. *See* Fed. R. App. P. 8(a).

This Court's final order inflicts unrecoverable financial harm on all four Proposed Intervenors and undermines law enforcement and public safety in the three municipalities. And while Proposed Intervenors recognize that this Court has already concluded that Proposed Intervenors lack standing, they respectfully submit that the court of appeals is unlikely to sustain this conclusion, which is irreconcilable with the Court's implicit determination that Texas has standing to maintain this suit. The public interest also strongly weighs against enforcement of an overbroad injunction that enjoins a duly promulgated federal regulation and authorizes rank circumvention of the Administrative Procedure Act (APA).

## II. ARGUMENT

In deciding a motion to stay an order pending appeal, courts consider (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 426 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776

(1987)). The third and fourth factors merge when, as here, the government is the enjoined party. *See id.* at 435. Here, each factor supports a stay.

*First*, the Proposed Intervenors are irreparably harmed by the final order in several ways. The municipalities, which each have large immigrant populations, will be deprived of tax revenues when their residents, including hundreds of U Visa applicants eligible for work authorization, face deportation. *See* Dkt. 6-2 at 3, Dkt. 6-4 at 3; Dkt. 6-6 at 2; *see also Rest. L. Ctr. v. U.S. Dep't of Lab.*, 66 F.4th 593, 597 (5th Cir. 2023) (financial harms constitute irreparable injury if they are "nonrecoverable"). In denying intervention, the Court concluded that these harms are not traceable to the final order because "[w]hether an individual, tax-paying alien is ultimately deported requires another branch of government to adjudicate removal and exercise discretion to enforce any resulting removal order." Dkt. 23 at 6. But Proposed Intervenors ask the Court to assume nothing more than the facts asserted in Texas's own complaint. Texas alleged that it has standing to maintain this action on the theory that the challenged rule permits undocumented individuals "to remain indefinitely in the United States by administrative closure rather than having their cases adjudicated to completion, and removed" and that "relief will necessarily reduce the number of cases administratively closed and, therefore, reduce the number of illegal aliens permitted to remain indefinitely in the United States." Dkt. 1 at 25, 27.[1] As this Court correctly noted in its order denying intervention, "the Court has an obligation to ensure itself of the litigants' standing." Dkt. 23 at 4. Accordingly, before adopting the Parties' proposed consent judgment, the Court must have concluded that Texas suffers cognizable injury from the challenged rule. Yet, if

[1] Texas also expressly argued that the Final Rule was, in practice, preventing administratively closed cases from being recalendared. Dkt. 1 at 15-16.

administrative closure is too attenuated from non-removal for the latter to be a source of cognizable injury, Texas could not have successfully established standing.

The municipalities also face harm to public safety and effective law enforcement when certified U Visa applicants who are assisting law enforcement face deportation. *See, e.g.*, Dkt. 6-4 at 3 (explaining that U Visas promote public safety because crime victims "make decisions about whether to report, appear, and testify based on fear of deportation"); *see also* Dkt. 6-6 at 3-4. The Court concluded that "the Consent Judgment does not affect the U visa certification process." Dkt. 23 at 7. But while municipalities can continue to make U visa certifications, the value of these certifications, and their ability to induce law enforcement cooperation by reluctant victims and witnesses, are substantially degraded if the primary benefit a U Visa offers—protection against removal—is unavailable during the often extremely protracted period while the petition is being considered by U.S. Citizenship and Immigration Services. Notably, one of the paradigmatic circumstances identified in the challenged rule as to when administrative closure is justified is when "a case may be most efficiently and fairly completed by administratively closing the case to first allow U.S. Citizenship and Immigration Services ('USCIS') to adjudicate a relief application, which, if granted, may provide the noncitizen with legal status or some other basis that would prevent enforcing an order of removal." *Efficient Case and Docket Management in Immigration Proceedings*, 89 Fed. Reg. 46742, 46745 (May 29, 2024).

Centro Legal also faces irreparable harm from the reactivation of roughly 130-150 cases where is it is already counsel of record without new funding or resources to handle this increased workload. Dkt. 6-3 at 10-12. This Court concluded that this injury is not cognizable under *United States v. Texas*, 173 F.4th 659, 666 (5th Cir. 2026) (en banc). Dkt. 23 at 8. But Centro Legal does not allege a generalized grievance or a frustration of mission, but rather, has specifically alleged

in detail the economic harms that it will face as an organization (not merely harms derivative of the adverse impact on its clients). Moreover, Centro Legal alleged reputational harms and the loss of value of the preliminary injunction secured in *Centro Legal de la Raza v. EOIR*, No. 3:21-cv-00463 (N.D. Cal.). Dkt. 6-2 at 14-15, 19.

*Second*, for much the same reasons that Proposed Intervenors are irreparably harmed, they are likely to prevail on their appeal from this Court's denial of the motion to intervene. They also are likely to prevail on their appeal from the final order itself. In opposing intervention, Texas did not even attempt to defend the breadth of the order, which vacated regulatory provisions that do not relate to administrative closure and improperly enjoined the future adoption of similar regulations. *See* Dkt. 6-1 at 23-25; Dkt. 22 at 10. Administrative closure is also a decades-old practice that constitutes a valid exercise of the Attorney General's broad rulemaking authority. Dkt. 6-1 at 18-21. And the final order was issued in the absence of a case or controversy and in circumvention of the APA's rulemaking procedures. *Id.* at 16-18, 21-23.

*Finally*, the balance of equities and public interest favor a stay. Preserving the status quo "is an important equitable consideration in the stay decision." *Louisiana v. Becerra*, 20 F.4th 260, 263 (5th Cir. 2021) (quoting *Dayton Bd. of Educ. v. Brinkman*, 439 U.S. 1358, 1359, (1978) (citation modified)). The challenged regulation has been in force for two years and administrative closure has been used for decades. Texas alleges no imminent substantial injury from the challenged regulation. And both Texas and the United States routinely argue that the public interest favors stays of injunctions of their own respective duly promulgated laws and regulations. *See, e.g.*, *Trump v. CASA, Inc.*, 606 U.S. 831, 860 (2025); *E.T. v. Paxton*, 19 F.4th 760, 764 (5th Cir. 2021). That principle should hold particular force when, as here, the federal government is seeking to circumvent the rulemaking requirements of 5 U.S.C. § 553, through "rulemaking-by-collusive-

acquiescence." *Arizona v. City & County of San Francisco*, 596 U.S. 763, 766 (2022) (Roberts, C.J., concurring, joined by Thomas, Alito, & Gorsuch, JJ.) (citation omitted).

## III. CONCLUSION

For the above reasons, Proposed Intervenors respectfully request this Court stay the Court's Order and Final Judgment pending appeal and rule no later than September 8, 2026.

August 27, 2026

Respectfully submitted,

*/s/ Simon C. Brewer*
Simon C. Brewer (D.C. Bar 90042403)*
Ally Scher (D.C. Bar 1616379)*
Joshua M. Salzman (D.C. Bar 982239)*
Paul R.Q. Wolfson (D.C. Bar 414759)†
Brian D. Netter (D.C. Bar 979362)*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
sbrewer@democracyforward.org
ascher@democracyforward.org
jsalzman@democracyforward.org
pwolfson@democracyforward.org
bnetter@democracyforward.org
(202) 448-9090

Andrés Correa (Tex. Bar 24076330)
Yaman Desai (Tex. Bar 24101695)
Lynn Pinker Hurst & Schwegmann
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
acorrea@lynnllp.com
ydesai@lynnllp.com
(214) 292-3639

*Counsel for Movant-Intervenors City of Baltimore, MD; City of Columbus, OH; City of New Haven, CT; and Centro Legal de la Raza*

*Admitted pro hac vice
† Motion for admission pro hac vice forthcoming

**CERTIFICATE OF CONFERENCE**

I certify that pursuant to LR 7.1, counsel for Movant-Intervenors emailed counsel for the Parties asking whether they could agree to the relief requested herein. Counsel for both the plaintiff and the defendants have stated that this motion is opposed.

*/s/ Simon C. Brewer*
Simon C. Brewer

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2026, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system which sends notice of electronic filing to all counsel of record.

*/s/ Simon C. Brewer*
Simon C. Brewer